NOT RECOMMENDED FOR FULL TEXT PUBLICATION
File Name: 06a0808n.06
Filed: November 3, 2006

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CASE NOS. 05-3957, 05-3961

| | | |
|---|---|---|
| VERIZON FLORIDA INC., | : | |
| | : | |
| Plaintiff-Appellee/ | : | |
| Cross-Appellant | : | |
| | : | On Appeal from the |
| v. | : | United States District Court |
| | : | for the Southern District of Ohio |
| 1ST NATIONAL CASH REFUND, et al. | : | |
| | : | |
| Defendants-Appellants/Cross | : | |
| Appellees. | : | |

BEFORE: MARTIN and COOK, Circuit Judges; BERTELSMAN, District Judge[*].

PER CURIAM:

This case arises out of a contract which the defendants, an asset recovery firm and its

attorney, entered into with a person they incorrectly believed to be an agent for the plaintiff

regarding the recovery of funds they had found owing to the plaintiff. The district court entered

summary judgment for the plaintiff finding the defendants liable for conversion because the

person signing on behalf of the plaintiff did not have authority to bind the plaintiff and, therefore,

no contract existed.

The defendants appeal the district court's award of summary judgment and the jury award

of attorney fees against it as compensatory damages owing on plaintiff's conversion claim. The

_____

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern
District of Kentucky, sitting by designation.

plaintiff filed a cross-appeal asking this court to find that the trial court erred in not entering an award of prejudgment interest pursuant to Ohio Rev. Code § 1343.03(C)(1), and in not holding both defendants jointly and severally liable for prejudgment interest and attorney fees. We find the trial court correctly entered summary judgment on the conversion claim, and we find no error in the manner in which it resolved the other issues. We, therefore, affirm.

The defendants argue that the trial court erred in finding that the person signing the contract did not have apparent authority to bind the plaintiff. Defendants assert that it was the actions of the plaintiff in utilizing the same name as its sister subsidiaries that caused the defendants to believe that this person, representing himself as the Assistant General Counsel of Verizon, was authorized to bind the plaintiff.

The Court finds that even if this person had apparent authority, summary judgment on the conversion claim is still proper. There is no genuine issue of material fact but that the plaintiff already knew of the funds at issue, purposely had not cashed the warrants because it was involved in a billing dispute with the issuer, and at all times was actively pursuing full payment for the work represented by the warrants. These facts implicate Section 7 of the contract, which states, in part: "[i]f the Client is in the process of recovering said Funds, and can show adequate proof, this Contract shall be null and void." Upon presenting evidence of these facts to the defendants, the plaintiff demanded a return of its money. The defendants refused to return the money rightfully belonging to the plaintiff and, therefore, wrongfully converted the funds.

We conclude that the district court correctly entered summary judgment in the plaintiff's

favor.[1] We further find that the district court correctly applied the law in resolving the other issues.

Therefore, the judgment of the district court is AFFIRMED.

---

[1] An appellate court can affirm on any ground supported by the record, even if different from the grounds relied on by the district court. *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999). The court finds that although the parties did not brief their arguments regarding the applicability of Section 7 of the contract, the issue was fully briefed in the court below and was contained in the record herein.